**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MATTHEW DOVE, | § | |
| | § | |
| Plaintiff, | § | C.A. NO.: 5:20-CV-00858 |
| | § | |
| v. | § | |
| | § | |
| HELMERICH & PAYNE, INC., | § | **JURY DEMAND** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, MATTHEW DOVE, complaining of HELMERICH & PAYNE, INC., herein called Defendant, as follows:

### I. PARTIES

1.1     Plaintiff, MATTHEW DOVE, is a resident of Comal County, Texas. The last three numbers of his Texas driver's license number are 790, and the last three numbers of his Social Security number are 206.

1.2     Defendant, HELMERICH & PAYNE, INC. (hereinafter, "H&P"), is a Delaware corporation with its principal place of business in Tulsa, Oklahoma, and, at all times relevant, was doing business in the State of Texas. Defendant may be served with process by serving a copy of this Complaint and the Summons through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

### II. JURISDICTION & VENUE

2.1     Pursuant to 28 U.S.C. §1332(a)(1), this court has original, diversity jurisdiction over the

Plaintiff's claims because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.2    Venue is proper in the Western District of Texas because pursuant to 28 U.S.C. §1391, *et seq.*, because a civil action may be brought in a judicial district in which any defendant resides. H&P resides in the Western District of Texas because its substantial, continuous, and systematic contacts are sufficient to subject it to both specific and general personal jurisdiction such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. 28 U.S.C. §1391(d).

2.3    H&P maintains two divisional offices in Ector County and Guadalupe County.

2.4    Defendant also has an agent for service of process in the Western District.

2.5    Defendant also owns property in Seguin, Texas, which is valued at over $18,000,000.

2.6    Based on information and belief, the operations surrounding the incident made the basis of this lawsuit were directed from H&P's Guadalupe County operational office, which is in the Western District.

### III. FACTS

3.1    Plaintiff brings this action to recover damages for personal injuries sustained as a result of the negligence of the Defendant, H&P, relating to a "Rig Move" operation on or about February 15, 2020, that resulted in injuries to Plaintiff, MATTHEW DOVE.

3.2    On or about February 15, 2020, Plaintiff, MATTHEW DOVE, was working as a consultant for a drilling company at the Hartgrove 0304 oil well in Reagan County, Texas.

3.3    At the time the incident occurred, Defendant H&P was commissioned to assist in moving the oil rig to another location.

3.4    At the time of the incident made the basis of this lawsuit, Jamie Moore was operating a

crane, operated, owned, and controlled by H&P.

3.5     During the course of this operation, Jamie Moore suddenly and without warning proceeded to move the crane forward without receiving confirmation from a spotter and without assuring that the path was safe and clear.

3.6     Through the crane operator's negligent acts and/or omissions, Plaintiff MATTHEW DOVE was subsequently run over by one of the crane's tracks and was trapped under the crane until the operator stopped and reversed off Plaintiff's feet.

3.7     Defendant H&P hired, qualified, and retained the crane operator as an employee.

3.8     At all times relevant to this lawsuit, Defendant's employee was acting in the course and scope of his actual employment with H&P.

3.9     As a result of this incident, Plaintiff suffered serious injuries and damages.

## IV. CAUSES OF ACTION – HELMRICH & PAYNE, INC.

4.1     Crane operator Jamie Moore was negligent in the following particulars:

    4.1.1   Failing to keep a safe, reasonably prudent lookout;

    4.1.2   Failing to ensure a clear path before maneuvering the crane forward;

    4.1.3   Failing to timely apply his brakes;

    4.1.4   Failing to operate the crane in a careful and prudent manner; and

    4.1.5   Operating machinery while distracted.

4.2     Defendant H&P is vicariously liable for the negligent conduct of its agents, servants, employees, representatives, vice-principals, assignees, and contractors.

4.3     Defendant H&P is also liable for negligent hiring, training, retention, and/or supervision of its employees that have engaged in negligent behavior.

4.4     Defendant H&P is vicariously liable for the conduct of its agents, servants, employees,

representatives, vice-principals, assignees and contractors who Defendant negligently hired, negligently controlled, and/or performed non-delegable duties, acting within the course and scope of their employment, including and not limited to, any and all acts and omissions pursuant to Defendant's authority and permission.

## V. DAMAGES FOR PLAINTIFF, MATTHEW DOVE

5.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts and/or omissions described herein, Plaintiff, MATTHEW DOVE, was caused to suffer serious injuries, including but not limited to: closed and open bone fracture, crushed and broken bones, degloving of the skin, and torn ligaments and tissues, among other serious injuries resulting in damages more fully set forth below.

5.2     Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

      5.2.1   Medical and life care expenses, past and future;

      5.2.2   Physical impairment, past and future;

      5.2.3   Disfigurement, past and future.

      5.2.4   Physical pain and suffering, past and future;

      5.2.5   Emotional distress, and mental anguish, past and future; and

      5.2.6   Lost wages and loss of earning capacity, past and future;

5.3     Plaintiff also seeks to recover prejudgment interest, post-judgment interest, court costs, and any other damages allowed in equity or in law.

## VI. JURY DEMAND

6.1     Plaintiff respectfully requests a Jury in this matter.

## VII. PRAYER

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation and Complaint be issued and Defendant be served, and upon trial on the merits, the Court enter judgment for Plaintiff and against Defendant for actual damages, together with prejudgment interest, post-judgment interest, and court costs.

        Respectfully submitted,

        CROSLEY LAW FIRM, P.C.
        3303 Oakwell Court, Suite 200
        San Antonio, Texas 78218
        Tel. (210) 529-3000
        Fax (210) 444-1561
        Service Email:  service@crosleylaw.com

        By: /s/ Shawn M. Mechler
            Thomas A. Crosley
            Texas Bar No. 00783902
            tom@crosleylaw.com
            Shawn M. Mechler
            Texas Bar No. 24078989
            shawn@crosleylaw.com

        ATTORNEYS FOR PLAINTIFF